# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GTO ACCESS SYSTEMS, LLC,**

    **Plaintiff,**

VS.                                                    Case No. 4:16cv355-WS/CAS

**GHOST CONTROLS, LLC,**
**JOSEPH KELLEY, HUNG NGUYEN,**
**RICHARD LACOMBE, MARK YOUNG,**
**and KEITH WILLIAMSON,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on June 16, 2016, with the filing of a complaint, ECF No. 1, motion for temporary restraining order, ECF No. 2, and motion to expedite discovery, ECF No. 3.  Plaintiff asserts that while Defendants were still employed at GTO Access Systems, LLC, they uploaded confidential information and trade secrets to personal "cloud based storage" and have used that information to unfairly compete against GTO in a new company, Defendant Ghost Controls.  Ghost Control launched its own website on June 1, 2016.  ECF No. 3 at 2.

The motion for expedited discovery seeks (1) the production of electronic devices within 3 days for inspection and imaging to Plaintiff's forensic expert, (2) depositions within 10 days, and (3) unspecified "written discovery" requiring a 7-day response time.  ECF No. 3.  Plaintiff contends that Defendants "are using GTO's confidential information and trade secrets to develop products to directly compete against GTO, including filing patent applications on these products conceived and developed at GTO."  ECF No. 3 at 2-3.  Plaintiff contends that limited, expedited discovery is necessary to aid in ruling on the motion for temporary restraining order.  *Id.* at 4-6.  Plaintiff suggests the burden that would be placed on the Defendants "is appropriate given the irreparable harm that GTO faces."  *Id.* at 6.

Because the motion relies upon the motion for a temporary restraining order, that motion has been considered.  That explains that Defendant Young, GTO's former Vice President of Finance, ended his employment with GTO on March 6, 2015.  ECF No. 2 at 4.  Defendant Nguyen, GTO's former Electrical Design Engineer, ended his employment with GTO on May 8, 2015.  *Id.*  Defendant Lacombe, GTO's former Director of Engineering, ended his employment on June 19, 2015.  *Id.*  Defendant

Case No. 4:16cv355-WS/CAS

Kelley, the former President of GTO, ended his employment from GTO on April 10, 2015.  *Id.* at 11.  Kelley is the current President and Chief Executive Officer of Defendant Ghost Controls.  *Id.*  Ghost Controls, which is located less than a mile from GTO, filed Articles of Organization with the Florida Department of State on April 15, 2015.  *Id.*  Through the social networking website LinkedIn, GTO learned in May of 2015 that Defendant Young was working in the finance department of Ghost Controls.  *Id.* at 11-12.  Similarly, GTO learned during the same time period that Defendant Nguyen became the Director of Electronic Design for Ghost Controls.  *Id.* at 13.  Although Plaintiff does not state when this knowledge was obtained, the motion advises that in addition to Defendant Kelly becoming the President of Ghost Controls, Defendant Lacombe became the Vice President of Sales.  *Id.* at 14-15.

   GTO contends that Defendants improperly obtained confidential information and trade secrets and engaged in a conspiracy to misappropriate that information.  ECF No. 2 at 16-17.  GTO argues that Defendants are now "marketing and selling products that are remarkable similar to GTO products and design concepts."  *Id.* at 2, 24-25.   GTO

requests a temporary restraining order[1] "to protect itself from the improper and unfair actions of" the Defendants. *Id.* at 1-2.

GTO contends that, "upon information and belief," Defendants have "taken GTO's confidential business information and misappropriated its trade secrets." *Id.* at 26. GTO contends it "has a strong likelihood of succeeding on the merits of its claim for misappropriation of trade secrets." *Id.* GTO asserts that "irreparable harm is presumed in a case involving misappropriation of trade secrets." *Id.* at 26-27. GTO also asserts it is "threatened with the loss of its existing customers," fearing Defendants will solicit GTO's customers. *Id.* at 27. Based on those two facts, GTO contends "it has satisfied its burden of showing an irreparable harm." *Id.*

GTO seeks a Court order requiring "the Defendants to preserve evidence, prohibit Defendants from using GTO's trade secrets, order Defendants to return GTO property to GTO, and prohibit the Defendants from soliciting GTO's customers through the use of misappropriated

---

[1] GTO seeks injunctive relief under the Defend Trade Secrets Act of 2016 ("DTSA") and the Florida Uniform Trade Secrets Act ("FUTSA") for misappropriation of its trade secrets. GTO also seeks injunctive relief for breach of contract claims asserted against Nguyen and Lacombe for disclosure of its confidential information." ECF No. 2 at 18.

Case No. 4:16cv355-WS/CAS

information." *Id.* at 28. GTO asserts that Defendants will "suffer no harm whatsoever if the narrow injunctive relief requested is granted." *Id.* at 28.

As for the request for a temporary restraining order on the breach of contract claim against Defendants Nguyen and Lacombe, GTO asserts it is likely to success on the merits. *Id.* at 31-33. Again, GTO contends that "[i]rreparable harm should be presumed based" on language from the employment contracts stating that any breach would cause irreparable harm. *Id.* at 33. GTO also points to a Florida "statutory presumption of irreparable harm for breach of restrictive covenants in employment agreements." *Id.* at 33 (citing Fla. Stat. § 542.335).

Supporting the motion for a temporary restraining order is an affidavit by Mark Chiaravalloti, the Vice President of Product Development and Technical Support of GTO. Ex. 1, ECF No. 2 (ECF No. 2-1). The affidavit sets forth the same facts presented within the motion. Neither the motion nor affidavit presents any facts showing any specific harm already experienced by GTO.

Also supporting the motion is an affidavit of Michael Perry who conducted the forensic examination of the computers used by former GTO employees Young, Nguyen, and Lacombe. Ex. 4, ECF No. 2 (ECF No. 2-

4). Mr. Perry advises that he received the computers on May 12, 2016. *Id.* at 4. His investigation revealed that each employee's computer had a USB device connected shortly before the employee resigned. *Id.* at 5-6. Additionally, the three employees' computers also accessed cloud based storage. *Id.* at 7-10.

Pursuant to Rule 65(b), a court "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

GTO's motion lacks identification of any specific harm it has already suffered.  There is no demonstration of any immediate and irreparable harm presently either.  GTO asserts only a presumption of harm.  Yet, GTO has not identified a single customer that has been lost to Ghost Controls. "Irreparable injury 'is the *sine qua non* of injunctive relief.' "  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457

F.App'x 837, 839 (11th Cir. 2012). Because the motion for a temporary restraining order, ECF No. 2, has not demonstrated all four prerequisites, it should be denied.

Discovery is generally not permitted prior to the parties Rules 26(f) conference. FED. R. CIV. P. 26(d)(1); FED. R. CIV. P. 30(a)(2)(A)(iii). A motion for expedited discovery may be granted if a party establishes good cause. Thyssenkrupp Elevator Corp. v. Hubbard, No. 2:13-CV-202-FTM-29, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013); Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08CV310T27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (citing Nassau Terminals, Inc. v. M/V Bering Sea, 1999 WL 1293476 (M.D. Fla.1999)). In Platinum Mfg. Int'l, Inc., the court denied a motion for "immediate discovery" finding there was no showing records would become lost or unavailable. 2008 WL 927558, at *1. On the other hand, good cause has been found in Trademark Counterfeiting cases when there is risk of destroying evidence, *see* Dell Inc. v. BelgiumDomains, LLC, No. CIV. 07-22674, 2007 WL 6862341, at *6-7 (S.D. Fla. Nov. 21, 2007), and when the moving party shows that "time is of the essence" due to a likely loss of necessary evidence. Arista Records LLC v. Does 1-7, No. 3:08CV18 CDL, 2008 WL 542709, at *1

Case No. 4:16cv355-WS/CAS

(M.D. Ga. Feb. 25, 2008) (noting "that ISPs typically do not retain user activity logs for extended periods."); see also Malibu Media, LLC v. Doe, No. 8:13-CV-857-T-35TGW, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013) (same).  In other words, expedited discovery should not be granted unless the moving parties shows "some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."  Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen, 548 F. Supp. 248, 250 (S.D. Fla. 1982).  "[T]he burden is on the moving party to show good cause for departing from the usual discovery procedures."  Hospitalists Mgmt. Grp., LLC v. Florida Med. Affiliates, Inc., No. 2:14-CV-242-FTM-38, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014) (using the Notaro standard as opposed to a good cause standard to grant a motion for expedited discovery).[2]

---

[2] The Notaro standard, from Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), is a somewhat heightened standard and has been both applied, see Irish Lesbian & Gay Org. v. Giuliani, 918 F.Supp. 728, 731 (S.D.N.Y.1996), and rejected.  Semitool, Inc. v. Tokyo Electron Amer., Inc., 208 F.R.D. 273, 274–75 (N.D.Cal. 2002).  Burns v. City of Alexander City, No. 2:14-CV-350-MEF, 2014 WL 2440981, at *1 (M.D. Ala. May 30, 2014).

Case No. 4:16cv355-WS/CAS

Factors to be considered in evaluating the good cause showing "include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." St. Jude Med. S.C., Inc. v. Biosense Webster Inc., No. 6:13-CV-333-ORL-28, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013) (citing (Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006)).

Here, the only basis put forth in support of expedited discovery was to support the motion for a temporary restraining order. Because the recommendation is to deny that motion, the basis for expediting discovery vanishes. Further, the breadth of the requested discovery is not known because in addition to requesting inspection of electronic devices and nearly immediate depositions, GTO seeks "written discovery . . . including copies of all patent applications filed on any aspect of automatic gate openers, automatic gate controllers, and automatic gate accessories." ECF No. 3 at 5-6. That does not sufficiently explain what "written discovery" would be requested. In an absence of a clear discovery

request, the burden on the Defendants cannot be known either. While the requested discovery is "undoubtedly highly relevant to Plaintiffs' claims, this is insufficient to meet the good cause standard for expedited recovery." Burns v. City of Alexander City, No. 2:14-CV-350-MEF, 2014 WL 2440981, at *2 (M.D. Ala. May 30, 2014).

Furthermore, good cause is not shown when considering the timing of the motion and this case. The record discloses that GTO learned of the forming of Ghost Controls more than a year ago, and knew the identities of the former employees who were then working for Ghost Controls. It took another year for the computers to be taken for forensic analysis. That delay does not suggest there is an immediate and irreparable need for discovery and raises skepticism over whether there is immediate and irreparable harm as well. See Biosense Webster Inc., 2013 WL 1502184, at *2 (stating "The Court is skeptical that Biosense cannot know if it is losing business to St. Jude without the discovery it is requesting. St. Jude hired Hallett in late January, 2013, (See Doc. 9 at 2), and one would expect if he is causing Biosense irreparable harm, it would know by now."). This case was just recently filed on June 16, 2016. Summons have not yet been returned executed and no answers have been filed. If time is of the

essence here, service should be immediately carried out which will require the filing of answers within 21 days. Thereafter, discovery will be directed and the parties will be required to meet as required by Rule 26(f). The delay is not substantial, if GTO acts quickly to serve Defendants with process.

## RECOMMENDATION

For all the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order, ECF No. 2, be **DENIED**, and the motion to expedite discovery, ECF No. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2016.

    s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy**

**thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:16cv355-WS/CAS