UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GTO ACCESS SYSTEMS, LLC,**

      Plaintiff,                            Case No. 4:16-cv-00355-WS-CAS

v.

**GHOST CONTROLS, LLC,
JOSEPH KELLEY,
RICHARD LACOMBE,
HUNG NGUYEN,
KEITH WILLIAMSON, AND
MARK YOUNG,**

      **Defendants.**
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF GTO ACCESS SYSTEMS, LLC'S OBJECTIONS TO MAGISTRATE JUDGE REPORT AND RECOMMENDATION

      Defendants, GHOST CONTROLS, LLC, JOSEPH KELLEY, RICHARD LACOMBE, HUNG NGUYEN, KEITH WILLIAMSON, AND MARK YOUNG, by and through the undersigned counsel, pursuant to this Court's Report and Recommendation (See Doc 16 p. 12-13) and Rule 72, hereby files their Response to Plaintiff GTO Access Systems, LLC's Objections to Magistrate Judge Report and Recommendation (the "Magistrate's Report"), and ask this Court to adopt the Magistrate's recommendation to deny Plaintiff's motion for temporary restraining

order and injunctive relief (Doc. 2) as well as Plaintiff's motion for expedited discovery (Doc. 3). In support, Defendants state as follows:

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed suit against Defendants on June 16, 2016. (Doc. 1) The same day, it also filed Plaintiff GTO Access Systems, LLC's Motion For Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law (Doc. 2), and Plaintiff GTO Access Systems, LLC's Motion for Expedited Discovery and Memorandum of Law (Doc. 3). The complaint asserts that Defendants Ghost Controls and Kelley, through GTO's former employees, Lacombe, Nguyen, Williamson, and Young, misappropriated its trade secrets when they left the employment of GTO and began working for Defendant Ghost Controls. Importantly, the complaint alleges that the individual Defendants left the employment of GTO over one year before the complaint was filed, and specifically, on the following dates: March 6, 2015, April 10, 2015, May 8, 2015 and June 19, 2015. (Doc. 1 ¶¶ 3-7)  It also notes that Ghost Controls is located only one mile away from GTO. (Doc. 1 ¶ 59) The motion for TRO does not certify that any attempt was made to provide any Defendant with notice prior to filing the motion for ex parte relief, nor does the motion provide any reasons why notice should not have been required.

Ghost Controls was served on June 17, 2016, and counsel for Defendants appeared in this matter on June 20, 2016. The Report and Recommendation was also entered on June 20, 2016.

## ARGUMENT

**(1) Plaintiff's motion for temporary restraining order is procedurally defective.**

First, in addition to the reasons set forth in the Magistrate's Report, discussed at length below, a temporary restraining order is not appropriate in this case. Plaintiff's motion specifically sought entry of a temporary restraining order despite being in direct conflict with the rules of procedure. Plaintiff never attempted to provide notice to Defendants before seeking a temporary restraining order, and its motion does not contain the requisite certification of attempted notice or explanation of why notice should not have been required. See Fed. R. Civ. P. 65(b)(1). Therefore, Plaintiff's motion for temporary restraining order is procedurally deficient and should be summarily denied on this basis alone.

**(2) Plaintiff is not entitled to a preliminary injunction.**

    **A. The Magistrate's Report properly found that, based on the Plaintiff's own allegations, no irreparable harm was shown.**

To be properly granted, an application for preliminary injunction must show the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits;

and (4) considerations of the public interest. *See Siegel v. Le Pore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Hadi v. Liberty Behavioral Health Corp.*, 927 So. 2d 34, 38 (Fla. 1st DCA 2006). Failure to show any of the four factors is fatal to an application for preliminary injunction. *Am. Civil Liberties Union of Florida, Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

As the Magistrate's Report notes, the entry of a preliminary injunction is a harsh measure which should be sparingly granted. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) ("an injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course"); *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1272 (N.D. Fla. 2007) ("The law is clear that an injunction is 'an extraordinary and drastic remedy'").

Plaintiff cannot rest on the allegations in its pleadings, but must present competent evidence establishing each of the four injunction criteria. *Kramer v. Conway*, 962 F. Supp. 2d 1333, 1343 (N.D. Ga. 2013) citing *Siegel v. Le Pore*, 234 F.3d at 1176 ("a preliminary injunction should not be granted unless the movant 'clearly carries the burden of persuasion' of all four prerequisites"); *Hadi v. Liberty Behavioral Health Corp.,* 927 So. 2d at 38 ("there must be clear, definite, and unequivocally sufficient factual findings to support each of the four conclusions necessary to justify entry of a preliminary injunction.") There must be a clear

showing that the moving party has met its burden of proof before the extraordinary remedy of preliminary injunction can be granted. *Fresh Produce Co. v Dole Food Co. Inc.*, 148 F.Supp.2d 1326, 1334 (S.D. Fla. 2001).

Plaintiff has not provided sufficient evidence to establish any entitlement to a preliminary injunction. Moreover, the pleadings themselves, even if taken as true, do not show that Plaintiff can establish entitlement to the drastic remedy of injunctive relief.

### B. Plaintiff is not entitled to a presumption of irreparable harm.

Plaintiff's objection to the Magistrate's Report almost exclusively rests on the assertion that GTO is entitled to a presumption of irreparable harm, and that the Magistrate purportedly "failed to apply the presumption." (Doc. 23, p. 9)  However, the Magistrate's Report addressed Plaintiff's assertion that a rebuttable presumption of irreparable harm applied. (See Doc. 16, p. 5, 7)

In this case, however, the pleadings and supporting declarations themselves fail to establish, and thereby effectively defeat, Plaintiff's entitlement to any presumption of harm. As the Magistrate recognized, the Plaintiff failed to allege that any specific customers have been lost or are threatened to be lost. The Plaintiff failed to allege that any specifically identified trade secret had been improperly disclosed

or used in the creation of a specific Ghost Controls product.[1]  Rather, Plaintiff's motion simply relied on an external similarity in shape between an automatic gate opener created by Ghost Controls and one produced by Plaintiff to create a circumstantial inference that confidential information or trade secret *must* have been misappropriated. Plaintiff bootstrapped its argument to say, in effect, that there should be a presumption of misappropriation; and because of this assumption, Plaintiff is therefore entitled to a presumption of irreparable harm. As the Magistrate's Report recognized, the record put forward by the Plaintiff cannot and did not support Plaintiff's entitlement to any presumption of irreparable harm.

Neither the complaint nor any of Plaintiff's supporting documents specifically identify any trade secrets or improperly disclosed confidential information. The Plaintiff made no effort to identify any such trade secrets or confidential information in camera or under seal. Nothing in the record submitted by Plaintiff showed that trade secrets have been misappropriated, or established any factual basis sufficient to trigger a presumption of irreparable harm.  Because Plaintiff has not established

---

[1] Defendants have denied that any trade secrets or CI were misappropriated and have specifically alleged that the automatic gate opener products at issue cannot be trade secrets because they "are not secret, are in the public domain, and/or are known or readily ascertainable to the public by proper means . . . does not possess independent economic value . . . [and] is well known outside Plaintiff's business . . . Defendants Answer, Doc. 26, p. 18-19.

that any presumption of irreparable harm applies, the Magistrate correctly found that Plaintiff is not entitled to the extraordinary relief of a preliminary injunction.

### C. The Magistrate's recommendation to deny injunctive relief is correct because Plaintiff cannot demonstrate a substantial likelihood of success on the merits.

Furthermore, the Magistrate's Report correctly found that Plaintiff failed to demonstrate a likelihood of success on the merits of its underlying misappropriation claim. In order to be entitled to a preliminary injunction, Plaintiff must clearly show that there is a ***substantial likelihood*** that it will succeed upon the merits at trial. *See Haitian Refugee Ctr., Inc. v. Christopher*, 43 F.3d 1431, 1432 (11th Cir. 1995) citing *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir.1994) (failure to show a substantial likelihood of success on the merits will defeat a party's claim regardless of its ability to establish any of the other elements); *Hadi*, 927 So. 2d at 38-39. *See also*, *Cordis v. Prooslin*, 482 So. 2d 486, 489 (Fla. 3d DCA 1986) (the denial of injunction was proper where evidence of the movant's breach of the underlying contract cast doubt on its ability to succeed at trial). Therefore, unless there is a strong or substantial reason to believe that the party asking for the preliminary injunction will prevail at a trial on the merits, a preliminary injunction should be denied.

Here, Plaintiff's application for injunction falls woefully short of demonstrating that it is likely to success on the merits of its Defend Trade Secret Act

7

(DTSA) and Florida Uniform Trade Secrets Act (FUTSA) misappropriation of trade secret claims. To prevail on these claims, Plaintiff must show that (1) it possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. To qualify as a trade secret, the information that the plaintiff seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy. If the information in question is generally known or readily accessible to third parties, it cannot qualify for trade secret protection. *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d at 1291; Fla. Stat. § 688.002; 18 U.S.C.A. § 1839.

Plaintiff must support each of the elements of a misappropriation claim with facts in order to establish a likelihood of success on the merits. As the record shows, Plaintiff failed in its burden of showing each of the elements of misappropriation. Its conclusory allegations and averments do not establish that it actually maintained trade secrets or that anything was misappropriated.

All Plaintiff has shown is that GTO work documents were found in Dropbox folders on GTO work computers. However, Plaintiff's motion and supporting evidence failed to bring anything to the Court's attention demonstrating that the alleged documents in the respective Dropbox accounts constituted trade secrets; that

any GTO trade secret was taken from GTO; that any trade secret was given to Ghost Controls; or that any trade secret was used by Ghost Controls in any manner whatsoever. These multiple failures to make any specific factual allegation or showing that confidential information was improperly disclosed or improperly used is fatal to Plaintiff's motion for preliminary injunction. *See Fresh Produce Co. v. Dole Food Co. Inc.*, 148 F.Supp.2d at 1339.

Similarly, Plaintiff has not demonstrated that it is likely to succeed on the breach of contract claims against Nguyen and Lacombe. In Florida, a restrictive covenant is only enforceable if the person seeking enforcement establishes that the covenant is reasonably tailored to protect legitimate business interests, and the movant must plead and prove that legitimate business interests exist. *GPS Industries, LLC v. Lewis*, 691 F.Supp.2d 1327, 1334 (M.D. Fla. 2010). Here, Plaintiff has not specifically pled or shown any legitimate business interests or trade secrets, and has not demonstrated that it is likely to succeed on the merits of its misappropriation claim.[2]

---

[2] The only evidence on this point, contained in the declaration of Mark Chiaravalloti, is speculative, overly generalized and conclusory. (See Doc. 2-1 at ¶¶ 5, 16)

**D.     If this Court is inclined to reconsider the Magistrate's Report and Recommendation, Defendants should be afforded an opportunity to fully respond to the motion for preliminary injunction and to submit evidence rebutting Plaintiff's assertions.**

If the Court is inclined to reject the Report and Recommendation of the Magistrate, Defendants ask for the opportunity to fully respond to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law and to submit facts rebutting Plaintiff's assertions. Defendants bitterly contest Plaintiff's version of the material facts. For example, more than one year before this case was filed, as stated in Defendants' affirmative defenses, and contrary to Plaintiff's representation, at least four executives of Plaintiff were specifically informed and fully aware that individual Defendants were leaving GTO to join Ghost Controls before their respective resignations, and representatives of GTO were told that Ghost Controls would be in the access controls business. (Doc. 26, p. 21, Answer)  Plaintiff's assertions that it did not know Defendants intended to form a company which would ultimately compete with GTO is wholly without merit.

Moreover, Plaintiff made no attempt to safeguard any alleged trade secrets, made no effort to define or describe any particular information as "trade secret" or "confidential" during the Defendants' employment, and did not even conduct exit interviews or inform the individual Defendants of any specific information which they were under an obligation to return as "trade secret" or "confidential" upon

leaving GTO. Finally, it was also a common business practice at GTO for employees to conduct work-related business using file-sharing software like Dropbox and Google Drive. Moreover, Defendants deny that they ever improperly downloaded any GTO files on personal devices or Ghost Controls computers, or that they used any GTO trade secrets in creating Ghost Controls' products. Defendants should have an opportunity to lay all of this factual information before the Court prior to a full evidentiary hearing on the motion for preliminary injunction, should the Court be inclined to reject the magistrate's recommended order.

### (3) Plaintiff is not entitled to expedited discovery.

The recommendation to deny Plaintiff's request for expedited discovery is appropriate; Plaintiff has failed to establish good cause for granting such relief. *See Hospitalists Mgmt. Grp., LLC v. Florida Med. Affiliates, Inc.*, No. 2:14-CV-242-FTM-38, 2014 WL 2565675, at *1 (M.D. Fla. 2014) ("In order to obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual discovery procedures.") Because Plaintiff failed to adequately explain its more than one year delay in filing suit, it did not show any good cause for granting expedited discovery; therefore, the Magistrate's order denying its request was not clearly erroneous, and should be upheld. Rule 72(a); *Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011).

As the Magistrate recognized, over a year has passed since the individual Defendants left GTO, and approximately 15 months has passed since Defendant Kelley formed Ghost Controls. Now, after the passage of more than one year, the Plaintiff unreasonably seeks expedited discovery. It is not credible that no one at GTO was aware that 5 of its top-level managers, who all left GTO within 3 months of each other, were going to form and/or work for a competitor. *See generally, St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-CV-333-ORL-28, 2013 WL 1502184, at *2 (M.D. Fla. Apr. 12, 2013)("The Court is skeptical that Biosense cannot know if it is losing business to St. Jude without the discovery it is requesting. St. Jude hired Hallett in late January, 2013, and one would expect if he is causing Biosense irreparable harm, it would know by now.") Notably, both the complaint and supporting declarations are mysteriously silent as to **when** GTO became aware that the individual Defendants were going to join a competitor. Even the objection, which makes assertions as to this timing and an alleged conspiracy to "obscure" their "secret plans," still fails to present any additional evidence as to precisely when GTO knew or should have known that its alleged trade secrets were at risk of being disclosed.[3]

---

[3] Defendants believe that Plaintiff is intentionally obfuscating this point because the evidence will establish that its executives knew of Ghost Controls' existence and that it was a competitor at the time the individual Defendants left GTO.

Moreover, there is no evidence that an unusual circumstance exists that would necessitate expedited discovery. The Rule 26(f) conference occurred on July 11, 2016, and Plaintiff served its initial discovery requests on July 14, 2016. The parties are drafting their joint report and rule 26 disclosures are imminent. Because discovery has already commenced, there is little for Plaintiff to gain through expedited discovery. *See St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-CV-333-ORL-28, 2013 WL 1502184, at *2 (M.D. Fla. Apr. 12, 2013) (finding no good cause for expedited discovery, and noting that because the parties' Rule 26(f) conference would occur that month, the movant would not gain much from its motion being granted). Finally, the Magistrate correctly pointed out that the motion for expedited discovery did not sufficiently describe the discovery sought or how Defendants would be impacted by a truncated discovery process.

Because discovery has already begun and Plaintiff cannot show good cause to expedite the process, its motion for expedited discovery should be denied.

## CONCLUSION

For all of the reasons stated herein, and in the Report and Recommendation (Doc. 16), this Court should adopt the Magistrate's recommended order in its entirety.

Dated this 19th day of July 2016.

                         HENRY BUCHANAN, P.A.

                         *s/ Miriam R. Coles*
                         J. STEVEN CARTER
                         Florida Bar No. 896152
                         scarter@henryblaw.com
                         MIRIAM R. COLES
                         Florida Bar No. 58402
                         mcoles@henryblaw.com
                         JOSEPH V. GARDNER
                         Florida Bar No. 111987
                         jgardner@henryblaw.com
                         Post Office Drawer 14079
                         Tallahassee, Florida 32317-4079
                         Telephone:  (850) 222-2920
                         Facsimile:   (850) 224-0034
                         Attorneys for Defendants, *GHOST CONTROLS, LLC, JOSEPH KELLEY, RICHARD LACOMBE, HUNG NGUYEN, KEITH WILLIAMSON, AND MARK YOUNG*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 5.1, 7.1 and 56.1, undersigned counsel certifies that the forgoing consists of 2,856 words and is typed in Times New Roman, font size 14.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of has been furnished via CM/ECF, which will automatically send e-mail documentation of such filing to all attorneys of record, on this 19th day of July 2016.

                                        *s/ Miriam R. Coles*
                                        ATTORNEY