UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GTO ACCESS SYSTEMS, LLC,

    Plaintiff,

v.                                      CASE NO.:4:16cv355-WS/CAS

GHOST CONTROLS, LLC, JOSEPH
KELLEY, RICHARD LACOMBE,
HUNG NGUYEN, KEITH
WILLIAMSON, AND MARK YOUNG,

    Defendants.

### Report of Parties' Planning Meeting and Joint Scheduling Report

Plaintiff GTO Access Systems, LLC ("**Plaintiff**") and Defendants Ghost Controls, LLC ("**Ghost Controls**"), Joseph Kelley ("**Kelley**"), Richard Lacombe ("**Lacombe**"), Hung Nguyen ("**Nguyen**"), Keith Williamson ("**Williamson**") and Mark Young ("**Young**") (collectively, the "**Defendants**"), by and through their undersigned attorneys and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure file this proposed Joint Scheduling Report, addressing discovery and other pretrial issues following the conference of the parties on July 11, 2016.

**I.     DISCOVERY PLAN**

    **A.     Initial Disclosures**:

No changes need to be made to the timing, form, or requirement for disclosures under Rule 26(a)(1)(A).  The parties propose that initial disclosures be exchanged by July 25, 2016.

    **B.     Subjects of Discovery and Discovery Deadlines**:

The parties agree that discovery will be needed on all issues of liability and damages.  The parties further agree that pursuant to Rule 26(d), and as stated by the Magistrate Judge in his Report and Recommendation discovery may proceed after the Rule 26(f) conference, which was held on June 11, 2016.  The parties propose the following pretrial schedule:

- Fact Discovery.  The parties agree that all fact discovery shall be completed by October 30, 2016.
- Expert Discovery and Disclosures.
    - Plaintiff shall serve its Rule 26(a)(2) expert disclosures and related report(s), if any, by November 15, 2016.
    - Defendants shall serve their Rule 26(a)(2) expert disclosures and related report(s), if any, by December 15, 2016.
    - Plaintiff shall serve its rebuttal Rule 26(a)(2) rebuttal expert disclosures and rebuttal report(s), if any, by January 15, 2017.

2

- All expert depositions, if any, shall be completed by February 1, 2017.

- Dispositive Motions. The parties agree that all dispositive motions shall be filed no later than February 21, 2017. The parties agree that oppositions to any dispositive motions shall be filed no later than March 14, 2017. The parties agree that any replies in support of dispositive motions shall be filed no later than March 21, 2017.

- Trial.
    - The parties request a pre-trial conference in April 2017.
    - The parties request a trial be set in the May 2017 trial calendar.
    - Although it is difficult to predict at this time, the parties believe that if this case is not resolved by way of dispositive motion or settlement, a trial could last between seven and ten days.

**C.     Preservation of Evidence:**

All parties represent and warrant that they have taken reasonable steps to preserve evidence including, but not limited to, electronically-stored information ("**ESI**"). The parties have implemented litigations holds to prevent the destruction or spoliation of any evidence.

**D.     Normal Track:**

The parties do not believe this case should be made subject to the Manual for Complex Litigation.

E.   **Issues Regarding Discovery or Disclosure of Electronically Stored Information:**

The parties are working together to establish a protocol for how ESI will be produced.  Upon agreement to the structure, the parties will advise the Court.  If the parties cannot reach an agreement, the parties will request a discovery hearing to obtain guidance from the Court on the procedures for ESI production.

The parties also agree to confer regarding appropriate custodians and search terms for the collection and processing of ESI.

F.   **Issues About Claims of Privilege or Protection:**

The parties believe that issues of confidentiality, trade secret and attorney-client/work product privilege may arise in the context of document and electronic discovery.  The parties will seek to submit an agreed protective order to the Court governing the use and disclosure of information in this case.

The parties agree that to the extent information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party otherwise would be entitled. If a claim of inadvertent production is made, the party in possession of such inadvertently disclosed information promptly shall return to the claiming party or

person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database.  Nothing in this section shall prevent any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production.

### G. Whether Changes Should Be Made in Limitations on Discovery Under the Federal and Local Rules:

The parties agree that Plaintiff is permitted a total of fifteen (15) fact depositions under Rule 30 given the number of defendants in this case.  Defendants will collectively be permitted a total of fifteen (15) fact depositions under Rule 30. The parties have no other proposed changes to limitations of the Federal or Local Rules on discovery.

### H. Mediation:

The parties agree that mediation may be appropriate after meaningful discovery has commenced.

Magistrate Jurisdiction:

The parties have conferred on the matter of magistrate jurisdiction.

Other Orders That Should Be Entered by the Court Under

Fed.R.Civ.P. 26(c) or 16(b) and (c):

As set out above, the parties will submit a protective order governing the use and disclosure of confidential and trade secret information. The parties do not agree to any other proposed orders at the present time.

GTO has filed a Motion for Expedited Discovery [ECF No. 3], which the Defendants opposed. The Magistrate Judge's Recommendation Report (RR) recommends that the motion be denied. GTO has filed objections to the RR [ECF No. 23] and Defendants have filed a response to the objections [ECF No. 26].

Dated:  July 25, 2016

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ *April Boyer* | /s/ *J. Steven Carter* |
| APRIL BOYER | J. STEVEN CARTER |
| Florida Bar No. 0168335 | Florida Bar No. 896152 |
| april.boyer@klgates.com | scarter@henryblaw.com |
| **K&L GATES LLP** | MIRIAM R. COLES |
| Southeast Financial Center – Suite 3900 | Florida Bar No. 58402 |
| 200 South Biscayne Boulevard | mcoles@henryblaw.com |
| Miami, Florida 33131 | JOSEPH V. GARDNER |
| Telephone:  305.539.3300 | Florida Bar No. 111987 |
| Facsimile:  305.358.7095 | jgardner@henryblaw.com |
| | **HENRY BUCHANAN, P.A.** |
| TARA C. CLANCY | Post Office Drawer 14079 |
| Mass. Bar No. 567020 | Tallahassee, Florida 32317-4079 |
| tara.clancy@klgates.com | Telephone:  850.222.2920 |
| **K&L GATES LLP** | Facsimile:  850.224.0034 |
| State Street Financial Center | |
| One Lincoln Street | *Attorney for Defendants* |
| Boston, MA  02111 | *Ghost Controls, LLC; Joseph Kelley,* |
| Telephone: 617.261.3100 | *Richard Lacombe, Hung Nguyen,* |
| Facsimile: 617.261.3175 | *Keith Williamson, and Mark Young* |
| | |
| *Attorneys for Plaintiff GTO Access Systems, LLC* | |